Filed 3/22/24  Noell v. Kenner & Greenfield CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CRAIG NOELL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KENNER & GREENFIELD et al.,<br><br>    Defendants and Appellants. | B316818<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV25546) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Patrick Walsh for Plaintiff and Appellant.

Kenner Law Firm and David E. Kenner for Defendants and Appellants.

_____

In 2016, Craig Noell hired attorneys David Kenner and Brett Greenfield (collectively Attorneys) to represent him in a criminal matter and the parties signed an "agreement for legal services" (Agreement).[1]  (Capitalization omitted.)  Noell paid a flat fee of $350,000 for the representation.  Prior to trial, with court approval, Attorneys withdrew from the representation because of a breakdown in the parties' relationship.  Noell later sued for breach of contract and legal malpractice.  After a bench trial, the court awarded Noell damages on the breach of contract claim and found in favor of Attorneys on the professional malpractice claim.  The only subject of this appeal is the trial court's rulings on the breach of contract claim.  Both sides appeal from the judgment.

Attorneys' primary argument is that in keeping with their ethical obligations, they had to withdraw and the court approved their withdrawal, thus entitling them to retain the entire flat fee. As set forth in our Discussion, Attorneys' argument ignores provisions in the Agreement regarding unearned fees in the event of termination of representation, as well as an attorney's ethical duty to refund unearned fees.  As for Noell's appeal, he challenges the amount of damages the trial court awarded in his favor.  He claims he is entitled to an award of the entire flat fee or of the fee he paid new counsel.  He fails to demonstrate that the trial court's award is inconsistent with the Agreement and we

_____

[1] Although the Agreement identifies the contracting parties as Noell and "Kenner & Greenfield, A Partnership of Professional Law Corporations," prior to trial the parties stipulated the Agreement was between Noell and attorneys Kenner and Greenfield.  The Agreement refers to the partnership as "the Firm."

2

cannot evaluate the reasonableness of the awarded fees when our record does not contain the reporter's transcript.

We affirm the judgment.

## BACKGROUND

In July 2016, the parties executed the Agreement, which concerned legal representation in a Ventura County criminal matter in which Noell was charged with attempted murder and felony domestic violence against a former spouse. When Attorneys withdrew from representation, Noell hired new counsel whom he paid $425,000.[2] After a three-week trial, a jury convicted Noell of felony domestic violence against a former spouse but acquitted him on the attempted murder charge.[3]

### 1. *The Agreement's fee and termination provisions*

The Agreement provides, "[It] shall not be effectively binding, nor shall either party be responsible for or bound to its terms until the monetary consideration referenced below is deposited with the Firm." Attorneys agreed to represent Noell in the criminal action in Ventura County and to specially appear in a divorce proceeding "for the purpose of obtaining discovery . . . that the Firm deems to be relevant to the . . . criminal matter."

The Agreement contains a flat fee provision and a statement of the Attorneys' hourly rates. Specifically, the Agreement provides, "The total flat fee for representation of client in this matter is Three Hundred Fifty Thousand

---

[2] Although the statement of decision indicates Noell paid $425,000, Noell represents that he paid $475,000.

[3] According to Noell, the criminal court sentenced him to serve 270 days in jail and placed him on probation for 36 months.

3

Dollars . . . ."  The agreement further provides, "Hourly rates, required pursuant to this agreement:  David E. Kenner, Nine Hundred Fifty ($950.00) per hour, Brett A. Greenfield, Seven Hundred ($700.00) per hour, and ($250.00) for the services of specific designated additional associated attorneys and/or personnel. . . ."  It is undisputed that Noell paid the $350,000.

The Agreement also provides for payment if Noell dismisses the Attorneys:  "Termination of Employment.  In the event the Client desires to dismiss the Firm and retain other counsel to represent Clients' interests in any matter encompassed by or made the basis of this Agreement, after the date of the execution of this Agreement, it is agreed and understood that the terms of this Agreement as it pertains to fees, costs and expenses for services rendered, up to and including such date of dismissal, to be paid the Firm shall remain in full force and effect."  The Agreement indicates the client "may contact" the State Bar if there is a fee dispute.

The Agreement further provides, "It is understood and agreed that the Firm shall not have any responsibility with respect to relationships of Client and any other lawyer or law firm, presently, previously or hereafter retained or employed by Client in connection with the lawsuit as to which legal services are herein contracted."

## 2.    *First amended complaint*

In July 2019, Noell sued Kenner & Greenfield and Attorneys alleging causes of action for breach of a written contact

4

and legal malpractice.[4]  Noell alleged that on or about July 22, 2016, he entered into a written agreement with Attorneys to represent him in a criminal matter.  Noell also alleged that despite numerous requests, Attorneys failed to perform the services promised in the Agreement.  In September or October 2017, Attorneys withdrew from representation, forcing Noell to obtain other counsel at significant cost.  As damages, he sought disgorgement of the $350,000 fee.

## 3.    *Court findings*

Our record does not include a reporter's transcript of the bench trial.  According to the trial court, both Attorneys "testified at length concerning the time they allegedly spent on this case. . . .  The number of hours [Attorneys] worked on the case was a significant focus of the trial."

After a bench trial, in its statement of decision, the court ruled in Attorneys' favor on Noell's legal malpractice claim.  On appeal, Noell does not challenge that ruling.

The court found in Noell's favor on the breach of contract claim and awarded unearned fees as damages in the amount of $52,750 against David Kenner and Brett Greenfield jointly and severally.  In his trial brief, Noell had requested damages in the amount of the entire $350,000 fee or the entire amount he paid to new counsel.

The court made the following findings in its statement of decision.  Attorneys agreed to represent Noell in a criminal action

---

[4]  The first amended complaint also asserted a cause of action for fraud.  It appears that cause of action was dismissed prior to trial.  The trial court did not consider it at trial and there is no issue on appeal with respect to this claim.

5

in which he was charged with attempted murder and domestic violence against his former spouse. Both counts arose out of an incident occurring on November 23, 2015. The parties entered into an agreement for legal services and Attorneys "were ethically obligated to make the motion to be removed" as legal counsel because there was a complete breakdown in the attorney client relationship.

The court also made the following findings as to parties' respective obligations under the Agreement. "Pursuant to the contract, Plaintiff [Noell] paid Defendants [the Attorneys] $350,000 to represent Plaintiff in the criminal case. It was understood by the parties that this flat fee included, but was not limited to, the following: (1) Defendants representing Plaintiff through trial; (2) Defendants conducting discovery in Plaintiff's divorce and custody proceedings; (3) Defendants conducting discovery in the criminal case; (4) Defendants attending all court proceedings in the criminal matter; (5) Defendants conducting a mock jury; (6) Defendants requesting a bail review; (7) Defendants arranging expert[ ] witnesses that may be needed for the trial; [and] (8) Defendants requesting modification of [the] Criminal Protective Order . . . ."

Regarding Attorneys' hourly rates, the trial court found, "The hourly rate pursuant to the contract was: Defendant David Kenner $950.00 per hour; Defendant Brett Greenfield $700.00 per hour; other associated attorneys or personnel $250.00 per hour. [Citation.] Plaintiff does not dispute that he agreed to these rates or that these rates are reasonable." The court calculated that prior to their withdrawal, Kenner worked 165 hours, Greenfield worked 165 hours, and other personnel worked 100 hours. The court observed although "Defendant

6

Brett Greenfield testified that Plaintiff's file was so organized that he could easily provide a written breakdown of the hours Defendants spent on Plaintiff's case[,] Defendants failed to provide such a breakdown of hours to the court."

The trial court further found, as noted above, that there was a "severe breakdown in the attorney client relationship." Specifically, the court found reasonable, Attorneys' concerns after an August 7, 2017 meeting with Noell, a jury consultant, and an investigator in which, according to Attorneys, Noell gave such a different version of events so as potentially to impact whether he could successfully testify in support of a self-defense strategy. Thereafter, Noell lost confidence in Attorneys and stopped cooperating, and ultimately communicating with Attorneys. The Attorneys withdrew and Noell hired new counsel.

Regarding the agreed-upon services Attorneys failed to perform, the trial court found Attorneys did not: (1) take depositions in the family law matter; (2) complete discovery in the criminal matter; (3) represent plaintiff at trial; (4) prepare or attend a mock trial; (5) request a bail review; or (5) request a modification of the criminal protective order.

The trial court added, where an attorney has good cause to withdraw from representation, "the court may allow recovery for services rendered prior to withdrawal." "[T]he contract specifically provided that if [Noell] desires to dismiss [Attorneys, they] are entitled to attorney fees to be paid 'up to and including the date of dismissal.'" As noted above, the court found David Kenner had worked 165 hours, Brett Greenfield 165 hours, and other personnel 100 hours. The court found Noell had "overpaid Defendants $52,750."

7

The court rejected Attorneys' argument that "they did not breach the contract because their performance was excused." The court responded, Attorneys "ignore the fact that the contract specifically provided that if [Noell] desires to dismiss [Attorneys, they] are entitled to attorney fees to be paid 'up to and including the date of dismissal.'" "Also, [Attorneys] ignore the fact that part of the contract was for them to request a modification of the Criminal Protective Order, and they breached the contract prior to being relieved by not performing this obligation within a reasonable time. [Attorneys] ignore the fact that part of the contract was for them to request a modification of the bail, and they breached the contract prior to being relieved by not performing this obligation within a reasonable time. It is also undisputed that part of the contract was for [Attorneys] to take depositions in the family law case, to do a mock trial, [and] to prepare for and attend trial, and as a result of being relieved, they did not do any of this work. While the Court has accepted [Attorneys'] representation that they were obligated to withdraw because of the deterioration in the attorney-client relationship, the court is unaware of any case that allows an attorney to obtain a financial windfall when he withdraws from representation."

The trial court rejected Noell's measure of damages. "The bail modification and criminal protective order modification were material terms of the contract, and even though [Attorneys] materially breached the terms of the contract prior to making their request to be relieved, the court finds that it would be unjust to require [Attorneys] to disgorge all of the $350,000 that plaintiff paid."

The trial court noted Attorneys' argument that Noell "may contact the State Bar to resolve such a dispute," but responded

Noell was not required to do so, and "no one in this action made a request for arbitration."

### 4.   *Judgment*

The judgment indicates that prior to trial, the parties stipulated the Agreement was entered into between Noell and David Kenner and Brett Greenfield.  The court awarded Noell $52,750 plus interest and costs.  Kenner and Greenfield timely appealed from the judgment.  Noell also timely appealed.

## DISCUSSION

Fundamental principles of appellate review require us to presume the judgment is correct, indulge all intendments in favor of a correct judgment, and require an appellant affirmatively to demonstrate error.  (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)  We review the evidence in the light most favorable to the judgment and resolve all conflicts in its favor.  (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 574.)  Under our standard of review, "parties challenging a trial court's factfinding bear an ' "enormous burden." ' [Citation.]" (*Id.* at p. 582.)

On appeal, no party challenges the trial court's finding that the Agreement is valid and enforceable.  We thus presume the correctness of that finding in our analysis.  We begin with the Attorneys' appeal and then turn to Noell's cross-appeal.

## A.   Attorneys' Appeal

Attorneys argue the trial court did not find they breached the Agreement, and even if they breached the Agreement, their breach was excused.  They also contend because their breach was excused, they are entitled to retain the entire flat fee.

9

Accordingly, the trial court entered an "improper 'fee award' ordering [Attorneys] to return unearned fees."

Contrary to Attorneys' contention, the trial court *did* find material breaches, some of which predated Attorneys' withdrawal from representing Noell. To recap, the court found:

(1) The Attorneys did not take depositions in Noell's family law case;

(2) Although the Attorneys conducted some discovery, they did not complete discovery in the criminal matter;

(3) The Attorneys did not prepare for, or appear at trial;

(4) The Attorneys did not attend a mock trial with a mock jury;

(5) The Attorneys failed to request a bail review; and

(6) The Attorneys did not request modification of the criminal protective order.

Attorneys do not argue, let alone demonstrate that any of these findings is erroneous other than to assert the breaches were excused.

Turning to that contention, as a general principle, when one party fails to perform a contractual obligation and the breach is material, the other party may be excused from performing its contractual obligations. (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277.) According to Attorneys, Noell caused an attorney client conflict that required them to withdraw. They conclude from this premise that their obligations under the Agreement were excused and they were entitled to retain the entire $350,000 fee.

Attorneys' theory ignores their ethical duty as attorneys to refund a client's unearned fees, and is based on the incorrect assumption they performed all of their contractual obligations

prior to withdrawing. Attorneys also incorrectly deduce from the trial court's finding that because they "had an ethical obligation to withdraw" they had the right to keep the entire flat fee even when they did not perform all their contractual obligations. An attorney's right to withdraw is a "different question" from an attorney's right to fees. (*Rus, Miliband & Smith v. Conkle & Olesten* (2003) 113 Cal.App.4th 656, 675 [analyzing in a contingent fee case, when an attorney is entitled to fees on a quantum meruit basis depending on the grounds for the attorney's withdrawal and whether the client fired the attorney or the withdrawal was voluntary].)

Even if arguendo Attorneys' performance were excused under general contract principles, that would not entitle them to retain unearned legal fees. An attorney whose employment has terminated has a professional obligation promptly to refund any part of a fee paid in advance that has not been earned. Rule 1.16 of the State Bar Rules of Professional Conduct provides, "Upon the termination of a representation *for any reason* . . . [¶] . . . [¶] the lawyer promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred." (Rules Prof. Conduct, rule 1.16(e)(2), italics added.)[5] Here,

_____

[5] Rule 1.16 of the State Bar Rules of Professional Conduct was adopted November 1, 2018, after the parties entered the Agreement. Former rule 3-700, however, contained the same provision. "It is well established that an attorney's duties to his client are governed by the Rules of Professional Conduct, and that those rules, together with statutes and general principles relating to other fiduciary relationships, 'help define the duty component of the fiduciary duty which an attorney owes to his client.' [Citation.]" (*American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1032.)

11

Attorneys' employment terminated and they had a professional obligation to refund that part of the $350,000 flat fee that had not been earned. Under rule 1.16 of the State Bar Rules of Professional Conduct, the reason for termination is irrelevant.[6]

Attorneys' argument their performance was excused because Noell's conduct is based on the representation that "[u]p to the time of their withdrawal, [Attorneys] fully performed their obligations under the agreement." Attorneys ignore the trial court's findings that Attorneys "breached the contract prior to being relieved" by not seeking modification of the criminal protective order or a modification to bail. In short, Attorneys' argument that they could retain the entire $350,000 Noell paid lacks merit for these independent reasons.

Attorneys also argue the damages the trial court awarded Noell was not supported by substantial evidence. We cannot evaluate this challenge because Attorneys failed to provide a reporter's transcript. The record on appeal contains no evidence of the work Attorneys performed on Noell's behalf.

Finally, Attorneys argue we must reverse the judgment because "the trial court findings and resulting verdict contains [*sic*] contradictory findings . . . ." Their argument is based on the incorrect premise that "the court essentially did not find that [Attorneys] breached the retainer agreement . . . ." As noted

---

[6] The requirement that an attorney refund unused fees is not applicable to a true retainer fee paid solely for the purpose of ensuring availability of the attorney for the matter. (Rules Prof. Conduct, rule 1.5(d).) Here, Attorneys do not argue that the Agreement was a true retainer and acknowledge that instead, the Agreement contained a "flat fee."

12

above, the trial court found Attorneys committed multiple breaches.

## B.    Noell's Cross-Appeal

As noted in our Background, the trial court found the "contract specifically provided that if [Noell] desires to dismiss [Attorneys, they] are entitled to attorney fees to be paid 'up to and including the date of dismissal.' "  The trial court also found although Attorneys "materially breached the terms of the contract prior to making their request to be relieved, the court finds that it would be unjust to require [Attorneys] to disgorge all of the $350,000 that plaintiff paid."  On appeal, Noell argues the trial court should have instead awarded damages in the amount of $350,000, the flat fee he paid Attorneys, or the greater amount Noell paid his replacement counsel.

The Agreement forecloses Noell's arguments.  The "Termination of Employment" clause in the Agreement allowed the Attorneys to receive "fees, costs and expenses for services rendered, up to and including such date of dismissal."  Further the Agreement provides, "It is understood and agreed that the Firm shall not have any responsibility with respect to relationships of Client and any other lawyer or law firm, presently, previously or hereafter retained or employed by Client in connection with the lawsuit as to which legal services are herein contracted."

Noell does not contend these provisions are invalid or inapplicable.  On appeal, Noell does not challenge the reasonableness of fees the trial court awarded for unearned services, and the record on appeal is inadequate to assess that award because we lack a reporter's transcript.  In short, Noell

has not demonstrated error in the damage amount awarded on his breach of contract cause of action.

## DISPOSITION

The judgment is affirmed.  Appellant Craig Noell is entitled to his costs on appeal.  Upon the issuance of the remittitur, the clerk of the court is ordered to forward a copy of this opinion to the State Bar of California.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.